UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SCOTT GARDEN,<br><br>Defendant. | Case No. 2:18-cr-00138-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

## INTRODUCTION

Pending before the Court in the above-entitled matter is the Defendant's appeal from the Court's May 22, 2018 Detention Order (Dkt. 16) issued by Chief United States Magistrate Judge Ronald E. Bush. (Dkt. 17.) The parties have filed their respective briefing on the appeal. (Dkts. 20, 23). The Court has reviewed the record in this case including but not limited to the parties' briefs; the transcript of the May 15, 2018 detention hearing before Judge Bush (Dkt. 24); and the pre-trial services reports admitted into evidence at that detention hearing (Dkt. 15-1, 15-2). For the reasons stated herein, the Court denies the Defendant's appeal and affirms Judge Bush's Detention Order.

## FACTUAL AND PROCEDURAL HISTORY

On April 17, 2018, the grand jury returned a two count Indictment charging Defendant, Christopher Scott Garden, with: (1) felon in possession of firearms and (2) possession with intent to distribute methamphetamine. (Dkt. 1.) The alleged conduct giving

ORDER- 1

rise to the charges occurred on March 21, 2018 while Mr. Garden was on state court supervision pursuant to a state court judgment dated November 27, 2017. (Dkts. 15-1, 15-2.) Meaning, less than four months after being sentenced and placed on supervision, Mr. Garden was arrested for possessing both drugs and firearms.

Also on April 17, 2018, an Arrest Warrant was issued for Mr. Garden. (Dkt. 2.) The warrant was executed on Mr. Garden on May 9, 2018 at the Kootenai County Jail. (Dkt. 7.) The next day, May 10, 2018, the Government filed a Motion for Detention pending trial and Defendant was arraigned before United States Magistrate Judge Candy W. Dale who issued a temporary order of detention and set the matter for a detention hearing on May 15, 2018 before Judge Bush. (Dkts. 5, 8.)

The United States Probation Office issued an initial pretrial service report on May 10, 2018 and a follow up report on May 15, 2018. (Dkts. 15-2, 15-2.) On May 15, 2018, Judge Bush held a detention hearing. (Dkts. 15, 24.) At that hearing, the Court reviewed the record, admitted the pretrial services reports into evidence, took judicial notice of the Indictment, and heard argument from counsel. (*Id.*) Ultimately, Judge Bush issued the Order of Detention Pending Trial (Dkt. 16) that is the subject of this appeal.

First, Judge Bush determined that a rebuttable presumption in favor of detention applies pursuant to 18 U.S.C. §3142(e)(3). (*Id.*) Second, Judge Bush determined that Defendant had not put forth sufficient evidence to rebut that presumption in favor of detention and, in any event, the Government proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of

ORDER- 2

the community. (*Id.*) Judge Bush noted the following factors in favor of the detention decision: (1) weight of the evidence against defendant is strong; (2) Defendant is subject to a lengthy period of incarceration if convicted; (3) Defendant's prior criminal history; (4) Defendant's participation in criminal activity while on probation, parole, or supervision; (5) Defendant's history of alcohol or substance abuse; and (6) Defendant's prior failure to appear in court as ordered. (*Id.*)

Defendant concedes that the rebuttable presumption of detention applies in this case but argues that presumption was rebutted by his viable release plan as well as: (1) his lengthy record of compliance while on supervision; (2) proffering facts that rebut his state probation officer's representation that his most recent performance on supervision was "dismal;" (3) inconsistencies with the state probation officer's representations; and (4) no record of violent or property crimes since 2006. (Dkt. 20.) Defendant also argues that the Government did not prove by clear and convincing evidence that no conditions of release could assure community safety. (*Id.*)

The release plan presented at the detention hearing included assurances that Defendant would: (1) be released to his wife as third party custodian, (2) live at home with his wife and her two children, (3) return to work for his paternal aunt and uncle in construction, and (4) attend substance abuse testing and treatment. (Dkt. 15-2.) In addition to the release plan offered at the detention hearing, Defendant now offers the following, additional conditions of release: (1) GPS monitoring, (2) home detention except for preapproved activities, and (3) regular drug testing. (*Id.*)

ORDER- 3

## STANDARD OF REVIEW

The Defendant's Motion is brought pursuant to 18 U.S.C. § 3145(b), which provides that "if a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of that order." An appeal from a detention order, "is governed by the provisions of section 1291 of title 28 and section 3731 of this title." 18 U.S.C. §3145(c). Further, "[t]he appeal shall be determined promptly." *Id.*

In reviewing the Magistrate Judge's decision, the district court does not exercise its appellate jurisdiction. *United States v. Keonig*, 912 F.2d 1190, 1192 (9th Cir. 1990). Rather, the district court reviews the matter *de novo* and without deference to the Magistrate Judge's findings. This is because the district court, "unlike a court of appeals, is equipped to explore and redetermine factual issues if that proves necessary." *Id.*

In exercising *de novo* review of the Magistrate Judge's Release Order, "the district court is not required to start over in every case . . . and proceed as if the magistrate's decision and findings do not exist." *Id.* at 1193. At the same time, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193. Moreover, the Court may conduct an additional evidentiary hearing. *Id.* "The point is that the district court is to make its own 'de novo' determination of facts, whether different from or an adoption of the findings of the magistrate. . . [and] the ultimate determination of the

propriety of detention is also to be decided without deference to the magistrate's ultimate conclusion." *Id.*

## DISCUSSION

In this case, an additional evidentiary hearing is not necessary. The Court has reviewed the evidence before Judge Bush and makes its own independent determination of the facts and the ultimate decision to detain without deference to Judge Bush's determinations of these matters. The Court finds the record supports detention in this case and Defendant's appeal from Judge Bush's Detention Order is denied.

**A.     It Is Undisputed that a Rebuttable Presumption in Favor of Detention Applies.**

The release or detention of a defendant pending trial is governed by the Bail Reform Act, 18 U.S.C. § 3142, which requires the release of a person pending trial unless the Court "finds that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of any other person and the community...." 18 U.S.C. § 3142(e)(1).[1] Thus, the statutory presumption is first in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

---

[1] Subsection (e) states in full: "If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e).

Nonetheless, there are exceptions to this rule for enumerated offenses, including certain felony drug offenses. 18 U.S.C. § 3142(e)(3)(A). Defendant does not dispute that this rebuttable presumption in favor of detention applies here. As a result, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community." 18 U.S.C. §3142(e)(3).

Defendant has the burden of rebutting this presumption. *Id*. Nevertheless, while "the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *Hir*, 517 F. 3d at 1086.

**B.      Defendant Has Not Rebutted the Presumption in Favor of Detention.**

Defendant committed the alleged conduct underlying this offense while under felony probation, living at home with his wife, and working for his aunt and uncle in construction. Nevertheless, in the face of this immediate proof of failure to comply with conditions of release, Mr. Garden argues that these same conditions will keep him from being a danger to the community while he awaits sentencing in this case. The Court respectfully disagrees.

Moreover, the additional conditions proposed, GPS monitoring, home detention, and drug testing do not guarantee that the Defendant will not re-offend. Instead, they simply set up conditions for the United States Probation Office to closely monitor Mr. Garden's behavior so he can return to detention if he re-offends or otherwise fails to meet the conditions of release. The Court is not satisfied that these conditions are sufficient to protect the community.

The Court recognizes that in Mr. Garden's criminal history, he has a demonstrated record of compliance with supervision. However, his most recent experience with supervision did not stop him from being arrested on the charges in this case.

Similarly, the Court also recognizes Mr. Garden's criminal history reflects that he has no violent felonies, no convictions for any violence since a 2006 misdemeanor, and no property crimes. At the same time, his criminal history is lengthy and he was most recently sentenced on a felony possession charge in state court in November 2017 and, shortly thereafter, was arrested for the conduct underlying the charges in the Indictment here. Moreover, while the crimes at issue are not violent per se, the possession of guns and drugs is a potentially lethal and dangerous combination for the community, including Mr. Garden himself.

Finally, the Court's decision in this case is not based on the allegation that Defendant is in a gang, which he denies. The Court simply cannot get over the fact that Mr. Garden was living at home with his wife and children, working for his aunt and uncle, and under supervision at the time of the alleged conduct giving rise to the instant charges in the Indictment. Thus, it is difficult to imagine how these same conditions could rebut the presumption in favor of detention in this case. The most immediate proof of the danger Mr. Garden poses to himself and society is simply too recent and too strong.

**C. The Government Has Shown by Clear and Convincing Evidence that No Condition or Combination of Conditions Will Reasonably Assure the Appearance of Defendant or the Safety of the Community.**

If Defendant proffers evidence sufficient to rebut the presumption in favor of detention, the burden shifts to the Government to prove by "clear and convincing evidence" that detention is warranted. *Hir*, 517 F.3d at 1086; 18 U.S.C. § 3142(f)(2)(B). The presentation of evidence is not limited to sworn testimony and formal exhibits, but the parties can "present information by proffer or otherwise." *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.").

The factors to be considered in making this determination are detailed in § 3142(g) and include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug and alcohol abuse; and (4) the nature and seriousness of danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g). The Court takes into account all available information concerning the factors set forth in § 3142(g).

The Court has examined the factors set forth in §3142(g) in light of the parties' proffered evidence and argument and finds the Government has met its burden of persuasion. On balance these factors weigh heavily in favor of detention.

ORDER- 8

As Judge Bush accurately determined, (1) the weight of the evidence against Defendant is strong; (2) Defendant is subject to a lengthy period of incarceration if convicted; (3) Defendant's prior criminal history is substantial; (4) Defendant engaged in the alleged criminal activity at issue here while on supervision; (5) Defendant has a substantial history of alcohol or substance abuse; and (6) Defendant has failed to appear in court as ordered on multiple occasions in his adult life. (*Id.*). In addition, despite Defendant's stable employment and residence and despite his significant community and family ties to this district, he has engaged in a long history of criminal conduct putting himself and his community in danger. While the substantial weight of this criminal history is relatively remote, over the last three years, Mr. Garden has been convicted of misdemeanor driving under the influence (12/31/2015) and felony possession of a controlled substance (4/3/2017).

In addition, the Court cannot overlook the proffered evidence from the Government in this case related to the circumstances surrounding the offense charged and the weight of evidence against Mr. Garden. According to the Government, the alleged conduct underlying this offense was discovered by Coeur d'Alene police officers after a vehicle stop on March 21, 2018. (Dkt. 23.) Officers allege that Defendant was driving without a license. (*Id.*) After confirming his identity, these officers contacted Defendant's probation officer who asked them to conduct a search of the Defendant's person and vehicle. (*Id.*) A search of the Defendant's person revealed an expandable baton, a pocket knife, two pills, and several hundred dollars in cash. (*Id*). A search of the Defendant's car, revealed an

ORDER- 9

aluminum baseball bat by the center console, a loaded 25 caliber handgun on top of the driver's seat and under the driver's seat cover, a loaded 9 mm pistol in the glove box with two magazines, an empty prescription bottle, a bag containing a green pipe, two bags of methamphetamine, smaller bags commonly used for dividing and selling narcotics, ten oxycodone pills, and several smaller knives. (*Id.*)

This evidence reflects a dangerous combination of drugs and weapons. Thus, while the charges in the Indictment are not violent crimes *per se*, the evidence proffered by the Government reflects a disregard for supervision and a substantial risk of violence that simply cannot be ignored. Thus, the conduct at issue in this case alone supports the state court probation officer's conclusions that Defendant is "dangerous" and his performance under state court supervision was "dismal." The Court cannot in good conscience release the Defendant pending trial in this case.

## CONCLUSION

Having conducted a *de novo* review of the record in this matter, considered the parties' arguments at the May 15, 2018 hearing, and the parties' briefs on appeal from Judge Bush's detention order, the Court finds: (1) Defendant has not presented evidence sufficient to rebut the presumption of detention and (2) the Government has shown by clear and convincing evidence that the Defendant must be detained in order to assure the safety of the community. Thus, Defendant's Detention Appeal is denied and the Order of Detention Pending Trial shall remain in effect.

///

ORDER- 10



DATED: June 28, 2018

_____
Edward J. Lodge
United States District Judge

ORDER- 11